UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THE GATHERING SPOT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CV-7-TRM-JEM |
| | ) | |
| THE GATHERING SPOT AT BURLINGTON | ) | |
| VILLAGE LLC and TERRI CADE-HILL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Extend Time to Serve Defendants [Doc. 16], filed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Specifically, Plaintiff requests an additional ninety days to serve Defendants so that the Tennessee Secretary of State may complete service of process on The Gathering Spot at Burlington Village LLC ("The Gathering Spot at Burlington Village") and so that Plaintiff may make additional attempts (and possibly seek alternative service) on Terri Cade-Hill. Plaintiff states that Cade-Hill is the registered agent and sole principal of The Gathering Spot at Burlington Village. The Court has considered Plaintiff's request and the evidence filed in support thereof, and the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Extend Time to Serve Defendants [**Doc. 16**].

I.  BACKGROUND

Plaintiff asserts that Defendants have evaded service for three (3) months, despite Plaintiff's diligent efforts in attempting service [Doc. 16-1 p. 1]. Plaintiff's process server first

attempted to serve Cade-Hill and The Gathering Spot at Burlington Village on January 14 and 17, 2022, at Cade-Hill's residence in Ellenwood, Georgia ("Ellenwood Residence") [*Id.* at 2]. The process server, however, never contacted Cade-Hill at the Ellenwood Residence [*Id.*; Doc. 15 p. 1].

On January 20, 2022, the process server attempted to serve Defendants at Cade-Hill's business address for her State Farm Insurance office in Atlanta, Georgia, but was told that Cade-Hill was not in the office and would return the following Monday [Doc. 16-1 p. 2].[1] On January 25, 2022, the following Tuesday, the process server, while standing outside the State Farm office, spoke with Cade-Hill via telephone, in addition to texting Cade-Hill about service [Doc. 16-1 p. 2; Doc. 15 p. 2]. The process server also saw who she believed to be Cade-Hill peeping through the window, but Cade-Hill refused to open the door or accept service [Doc. 16-1 p. 2; Doc. 15 p. 2]. The process server left the papers at the door and told Cade-Hill that she was leaving the papers at the door [Doc. 15 p. 2].

Plaintiff then engaged a different company to effect service on Defendants [Doc. 16-1 p. 3]. On January 26, 2022, the process server visited the State Farm office and approached a lady who fit the physical description of Cade-Hill [*Id.* at 3; Doc. 15 p. 3]. The lady informed the process server that she was not Cade-Hill and that Cade-Hill was not in the office, possibly due to exposure to COVID [Doc. 16-1 p. 3; Doc. 15 p. 3]. Later that day, the process server visited the Ellenwood Residence [Doc. 16-1 p. 3; Doc. 15 p. 4]. The process server heard movement in the house and saw a black female in the house, but no one would answer the door [Doc. 16-1 p. 3; Doc. 15 p. 4].

---

[1] Plaintiff filed Cade-Hill's business information from the Georgia Secretary of State's website as Exhibit C [Doc. 16-4 p. 2].

Plaintiff then hired a third process server, Nancy Thrash ("Thrash"), on February 1, 2022 [Doc. 16-1 p. 3; Doc. 15 p. 7]. On the same day, Thrash attempted to serve Defendants at the State Farm office [Doc. 16-1 p. 3; Doc. 15 p. 7]. Thrash monitored the State Farm office for nearly two hours but left after seeing no movement [Doc. 16-1 p. 3; Doc. 15 p. 8]. Thrash traveled to the Ellenwood Residence and monitored the location for several hours [Doc. 16 pp. 3–4; Doc. 15 p. 8]. Thrash knocked on the front door and rang the doorbell several times, but no one answered the door [Doc. 16-1 p. 4; Doc. 15 p. 8]. In addition, no one entered or exited the residence during the time Thrash monitored the location [Doc. 16-1 p. 4; Doc. 15 p. 8]. Thrash left the premises at 8:30 p.m., on February 1, 2022 [Doc. 16-1 p. 4; Doc. 15 p. 8].

On February 2, 2022, Thrash visited the State Farm office, but after knocking loudly, no one would answer the door [Doc. 16-1 p. 4; Doc. 15 p. 8]. Thrash called the State Farm office number, and someone answered the telephone and explained that Cade-Hill was not in the office, would not be back that week, and was not available to schedule appointments upon her return because she was not taking on new clients [Doc. 16-1 p. 4; Doc. 15 p. 8]. Thrash continued her attempts to serve Cade-Hill for several days but was unsuccessful [Doc. 16-1 p. 4; Doc. 15 pp. 9–10]. On February 7, 2022, Thrash concluded that she was not able to serve Cade-Hill [Doc. 16-1 p. 4; Doc. 15 p. 10].

Plaintiff hired a fourth process server, Joe Jackson ("Jackson"), to attempt service in Knoxville, Tennessee, at the address Cade-Hill listed as The Gathering Spot at Burlington Village's registered agent's address ("Knoxville Address") [Doc. 16-1 p. 4; Doc. 15 p. 5]. On February 9, 2022, Jackson visited the Knoxville Address and encountered Cade-Hill's mother, who confirmed that Cade-Hill lives in Atlanta, Georgia [Doc. 16-1 p. 4; Doc. 15 p. 5]. Cade-Hill's mother called Cade-Hill in the presence of Jackson [Doc. 16-1 p. 4; Doc. 15 p. 5]. During the call,

3

Jackson heard Cade-Hill direct her mother to not accept anything from Jackson [Doc. 16-1 p. 4; Doc. 15 p. 5]. The mother then refused to accept any papers [Doc. 16-1 p. 4; Doc. 15 p. 5]. Immediately afterwards, Jackson drove to The Gathering Spot at Burlington Village's physical location in Knoxville, Tennessee, to attempt service, but a male employee stated that he had no authority to accept service and that Cade-Hill was not there [Doc. 16-1 p. 5; Doc. 14 p. 5].

On February 23, 2022, after six weeks and more than a dozen attempts at service, Plaintiff states that it is now attempting to serve The Gathering Spot at Burlington Village through the Tennessee Secretary of State [Doc. 16-1 p. 5]. Plaintiff states that service of the Tennessee Secretary of State is proper under multiple criteria, including because The Gathering Spot at Burlington Village's registered agent is not within the state and because the registered agent is avoiding service [*Id.*]. On March 17, 2022, the Tennessee Secretary of State accepted Plaintiff's filing and began its process for accepting service on behalf of The Gathering Spot Burlington Village by sending the complaint and summons via certified mail to the address listed for the registered agent [*Id.*; Doc. 16-6 pp. 2–5].

On April 5, 2022, Plaintiff received an alert from the United States Postal Service ("USPS") stating that the certified mail could not be delivered and is being returned to the sender [Doc. 16-1 p. 5; Doc. 16-6 p. 6]. Plaintiff states that pursuant to Tennessee Code Annotated § 48-15-105, once USPS returns the return receipt, the Tennessee Secretary of State will forward the receipt and affidavit to the Clerk of Court, who will then file the documents [Doc. 16-1 p. 5]. Plaintiff asserts that service on The Gathering Spot at Burlington Village will then be complete, but the process will take a few weeks [*Id.*].

In addition, Plaintiff states that on February 28, 2022, its counsel received a faxed letter from David Dupree ("Dupree"), an attorney who identified himself as Cade-Hill's lawyer

4

Case 3:22-cv-00007-TRM-JEM   Document 17   Filed 04/15/22   Page 4 of 7   PageID #: 171

[Doc. 16-1 p. 5; Doc. 16-7 pp. 3–5]. Dupree, however, stated that he did not have authority to accept service and would speak to Cade-Hill about accepting service [Doc. 16-1 pp. 5–6; Doc. 16-7 p. 2]. Plaintiff has not received further communications from Dupree [Doc. 16-1 p. 6].

On March 23, 2022, Plaintiff retained Thrash again after discovering another Georgia address associated with Cade-Hill [Doc. 16-1 p. 6; Doc. 16-8 ¶ 3]. Thrash, however, determined that the home was a rental property occupied by tenants [Doc. 16-1 p. 6; Doc. 16-8 ¶ 3]. Thrash also attempted service again at the Ellenwood Residence on March 23, 26, and 27, and at the State Farm office on March 28, 2022 [Doc. 16-1 p. 6; Doc. 16-8 ¶¶ 3–4]. Thrash did not see evidence that Cade-Hill was at either location and concluded that Cade-Hill must be out of town [Doc. 16-1 p. 6; Doc. 16-8 ¶ 5]. Plaintiff submits that it has made twenty-one (21) attempts in total to serve Cade-Hill [Doc. 16-1 p. 6].

## II. ANALYSIS

Plaintiff requests an additional ninety days to serve Defendants so that the Tennessee Secretary of State may complete the process to serve The Gathering Spot at Burlington Village and Plaintiff can continue its efforts to serve Cade-Hill or request leave to make alternative service. Plaintiff's request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether

5

plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

The Court finds that Plaintiff has established good cause for the requested extension. Plaintiff took reasonable and diligent efforts to serve Defendants as detailed above, and it appears that Defendants may be evading service. *See Raytheon Co. v. Ahtna Support & Training Servs., LLC*, No. 3:21-CV-239-RGJ, 2021 WL 3038888, at *2 (W.D. Ky. July 19, 2021) (allowing an additional forty-five days to serve because plaintiff made diligent efforts to serve defendant and defendant appeared to be evading service); *Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that plaintiff established good cause for an additional ninety days to serve defendant because plaintiff had been diligent in attempting to locate and serve defendant); *see also* Fed. R. Civ. P. 4(m) advisory committee's notes to 1993 amendment (explaining that relief under the new subdivision "may be justified . . . if the defendant is evading service or conceals a defect in attempted service"). Accordingly, given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff has requested an additional ninety days to serve Defendants but does not explain why it needs that amount of time. In addition, Plaintiff states that service of process will be completed on The Gathering Spot at Burlington Village LLC within a few weeks. While Plaintiff appears to be having difficulty serving Cade-Hill, despite its diligent attempts to do so, the Court

finds an additional fifty days to be appropriate for completion of service. Should Plaintiff need additional time beyond fifty days, Plaintiff may move for an extension prior to the expiration of the deadline.

### III. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Extend Time to Serve Defendants [**Doc. 16**]. Plaintiff **SHALL** serve Defendants on or before **June 3, 2022**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge