UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

THE GATHERING SPOT, LLC,

        Plaintiff,

  v.

THE GATHERING SPOT AT BURLINGTON VILLAGE LLC and TERRI CADE-HILL,

        Defendants.

Case No. 3:22-cv-00007-TRM-JEM

### PLAINTIFF'S MEMORANDUM OF FACTS AND LAW IN SUPPORT OF REQUEST FOR ITS REASONABLE ATTORNEY'S FEES AND EXPENSES

The Gathering Spot, LLC, ("TGS"), respectfully submits this Memorandum in Support of Request For Its Reasonable Attorney's Fees and Expenses, showing this Honorable Court as follows:

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

The Court outlined the protracted factual and procedural history of this case in its August 29, 2023, Memorandum Opinion Granting Plaintiff's Motion for Summary Judgment. [Dkt. 63] Accordingly, and for the sake of brevity, Plaintiff will not include a full recitation of the same herein. However, certain procedural details are particularly relevant to the instant motion.

On September 16, 2022, the District Court granted Defendants' motion to set aside the entry of default but, after finding that Defendants willfully evaded service, ordered Defendants to pay Plaintiff's reasonable attorneys' fees and expenses. [Dkt. 38, at 4, 7-8.] The Court further instructed that if the parties were unable to agree to a fee amount the issue would be referred to

the Magistrate Court. [Id. at 8] The parties were unable to reach an agreement [Dkt. 41] and the issue was referred to the Magistrate Court. [Dkt. 42] Thereafter, the parties briefed the Magistrate Court on their respective proposals for a reasonable fee amount. [Dkts. 44, 46, 49] Plaintiff's proposed award amount included relevant attorneys' fees and expenses beginning on January 18, 2022 and ending on August 30, 2022. [Dkts. 44-2, 44-3]

On May 1, 2023, this Court issued a report and recommendation, recommending that: (1) Plaintiff's request for attorney's fees and expenses [Dkt. 44] be granted in part and denied in part (2) the Court award Plaintiff $27,705.50 in attorneys' fees and $2,565.60 in expenses; and (3) the Court denied Plaintiff's request to stay the case pending Defendants' payment but ordered the parties to meet and confer about the appropriate payment structure and timeline. [Dkt. 53, at 1–2, 13–14.] The District Court accepted and adopted this Court's report and recommendation in its entirety and awarded Plaintiff a total of $30,271.10 in fees and expenses and ordered the parties to "meet and confer to determine the appropriate payment structure and timeline." [Dkt. 54] Pursuant to the District Court's May 23, 2023 Order [Id.], undersigned counsel for the Plaintiff contacted Defendants' counsel, Mr. David Dupree, to confer about an appropriate payment structure and timeline regarding Plaintiff's award of attorneys' fees. [Dkt. 55-2, at JA 46-47] To date, Defendants have not responded with a proposed payment structure or timeline. [Id.]

On July 5, 2023, Plaintiff moved for summary judgment on all counts contained in its Complaint. [Dkt. 55] In its Memorandum of Law in Support of its Motion for Summary Judgment [Dkt. 55-1], Plaintiff also requested a ruling from the Court that this case be deemed an "exceptional case" pursuant to 15 U.S.C. § 117(a) and an associated award of Plaintiff's attorneys' fees. [Id. at 13-14] In its August 29, 2023, Memorandum Opinion Granting Plaintiff's Motion for Summary Judgment [Dkt. 63], the District Court held that "Defendants' unreasonable litigation

behavior, coupled with their willful infringement, makes this case 'exceptional'" [Id. at 19], and consequently awarded Plaintiff its attorneys' fees incurred outside of those previously awarded regarding service and default judgment. [Dkt. 64] Plaintiff was ordered to file the instant request for its reasonable attorneys' fees with the Magistrate Court on or before September 19, 2023. [Dkt. 66]

## II. ARGUMENT AND CITATION OF AUTHORITY

a. *Hourly Rates*

Plaintiff adopts and incorporates, as if fully set forth herein, its arguments and citations of authority regarding the reasonableness of its attorney rates in its October 21, 2022, Memorandum of Law in Support of Request For Reasonable Attorney's Fees and Expenses. [Dkt. 44] While Plaintiff believes its standard rates are reasonable[1], in light of this Court's rate recommendations outlined in its prior Report and Recommendation [Dkt. 53], which was ultimately adopted by the District Court [Dkt. 54], Plaintiff's instant fee request adopts the rates already approved by this Court therein. Specifically, those rates are as follows: (1) Attorney Amanda G. Hyland, $315 per hour, (2) Attorney Seth Trimble, $300 per hour, (3) Attorney Brent Radcliff, $250 per hour, (4) Attorney Austin Vining, $275 per hour, and (5) Senior Paralegal Rashmi Ahuja, $100 per hour. In addition to the above, Plaintiff also seeks a reasonable hourly rate of $275 per hour for Attorney Paige E. McKinney. *See* Hyland Declaration, at ¶ 9, 13-14, attached hereto as Exhibit A.

---

[1] The billing statements attached hereto, reflect Plaintiff's counsels' billable rates charged to the client, which reflected a deep discount off of standard rates. For example, Ms. Hyland's standard rate is $625 per hour. The rates charged to TGS were as follows: (1) Attorney Amanda G. Hyland, $400 per hour, (2) Attorney Seth Trimble, $450 per hour, (3) Attorney Brent Radcliff, $350 per hour, (4) Attorney Austin Vining, $350 per hour, (5) Attorney Paige McKinney, $350 per hour, (6) Senior Paralegal Rashmi Ahuja, $160 per hour. If TGS were to requests the fees it actually was billed for and paid, , the instant fee request would **exceed $45,000.00.**

b. *Time Spent*

Applicants bear the burden of proving reasonable attorney's fees and "must submit evidence supporting the hours worked and rates claimed." *Segovia v. Montgomery Cty.*, 593 F. Appx 488, 491 (6th Cir. 2014) (internal quotation marks omitted). "This requirement can be satisfied by the affidavits of plaintiff's attorneys." *Ametex Fabrics v. Custom Interiors & Supply Co.*, No. 97-5627, LEXIS 20538, at *7 (6th Cir. Aug. 11, 1998) (unpublished). When analyzing requests for attorneys' fees, Courts should award "fees 'reasonably expended in the prosecution of the litigation.'" *Williams v. Shelby Cty. Sch. Sys.*, 2019 U.S. Dist. LEXIS 101545, at *4 (W.D. Tenn. June 14, 2019) (quoting *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008)).

Here, all hours billed and costs incurred were reasonable to the prosecution of the litigation and all time entries describe the work performed in sufficient detail to justify the time billed. *Id.* at *5. The Court in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) outlined numerous factors to consider when determining or adjusting the loadstar amount. However, one of the most important factors is the "*result achieved*." *Adcock-Ladd v. Sect'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (emphasis in original). Thus, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

Since the inception of this matter in January 2022, Plaintiff's counsel and staff have billed 148.2 hours on this matter, excluding the hours related to obtaining default. These hours were necessary to the successful outcome in this case and reasonable in both scope and duration. These hours reflect completion of critical litigation tasks, including drafting and serving written

discovery requests, preparation of the motion, brief, and reply brief in support of its first Request for attorneys' fees[2], correspondence with the Court, preparation and filing of the discovery plan, attending the Court's scheduling conference, preparation of Plaintiff's initial disclosures and witness list, responding to Defendants' Motions, and preparation of summary judgment materials, including the motion, brief, joint appendix, and reply brief.

Moreover, as the Magistrate Court previously noted, Plaintiff's counsel continued its practice of delegating a substantial portion of the work on this matter to associate attorneys and its paralegal, rather than having the more expensive partner complete the work. When the above rates are respectively applied to Plaintiff's complete billing statement, excluding the billing entries related to Plaintiff's service attempts and default that have already been awarded, the total amount of attorneys' fees is $37,079.00 and $800.00 in costs, which is more than reasonable in light of the overwhelming success on all of Plaintiff's claims on summary judgment. Accordingly, Plaintiff seeks on Order awarding $37,879.00.[3]

## **CONCLUSION**

For the foregoing reasons, and in accordance with this Court's Order granting Plaintiff's attorneys' fees, Plaintiff respectfully requests that the Court grant its requested award of reasonable attorneys' fees and costs discussed herein, in the amount of $37,879.00.

---

[2] "The Sixth Circuit states that fees-for-fees awards should be given to compensate a party awarded fees under a fee-shifting statute." *Williams v. Shelby Cty. Sch. Sys.*, U.S. Dist. LEXIS 101545, at *4 (W.D. Tenn. June 14, 2019)*(citing Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 620 (6th Cir. 2007)).

[3] The fees and costs *previously* awarded totaled $30,271.10. Accordingly if Plaintiff's current request is granted in full, the total amount of fees and costs assessed for this matter would be $68,150.10, which should be added to the statutory damages award of $250,000.00 for a total final judgment of $318,150.10.

Respectfully submitted this 19th day of September, 2023.

/s/ Amanda G. Hyland
Micheline K. Johnson
Tennessee Bar No. 013847
Amanda G. Hyland (*admitted pro hac vice*)
Georgia Bar No. 325115
Paige E. McKinney *(admitted pro hac vice)*
Georgia Bar No. 926474
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Fax: (770) 434-7376
mkjohnson@taylorenglish.com
ahyland@taylorenglish.com
pmckinney@taylorenglish.com

*Attorneys for Plaintiff*
*The Gathering Spot, LLC*